EL DIA, INC., et al., Plaintiffs,

v.

Governor Pedro ROSSELLO,
et al., Defendants.

Civ. No. 97–2841(JAF).

United States District Court,
D. Puerto Rico.

Aug. 13, 1998.

Arturo Trias, Trias, Acevedo & Otero, San Juan, PR, Bruce W. Sanford, Mark A. Cymrot, Frederick W. Chockley, Robert D. Lystad, Bruce D. Brown, Baker and Hostetler, L.L.P., Washington, DC, for Plaintiffs.

John M. Garcia–Nokonechna, Garcia & Fernandez Law Offices, Hato Rey, PR, James F. Hibey, Lisa K. Hsiao, Verner, Liipert, Bernhard, McPherson and Hand, Chartered, Washington, DC, Elfrick Mendez–Morales, Department of Justice of PR, federal Litigation Division, San Juan, PR, William Sherman, Washington, DC, Joseph D. Steinfield, Hill & Barlow, Boston, MA, Steven C. Lausell–Stewart, Jimenez, Graffam & Lausell, San Juan, PR, Alberto Rodriguez–Ramos, Martinez, Odell & Calabria, Hato Rey, PR, Adam J. Hodkin, Roma W. Theus II, Brian K. Hole, Holland and Knight, L.L.P., Fort Lauderdale, FL, Andres Guillemard–Noble, Nachman, Guillemard & Rebollo, Santurce, PR, David H. Marion, Jeremy D. Mishkin, Montgomery, McCracker, Philadelphia, PA, Frank Gotay–Barquet, Feldstein, Gelpi, Hernandez & Gotay, Old San Juan, PR, William L. Patton, Boston, MA, Thomas B. Smith, Douglas Hallward–Deiemeier, Ropes & Gray, Washington, DC, David C. Indiano–Vicic, Indiano, Williams & Weinstein–Bacal, Hato Rey, PR, Luis Berrios–Amadeo, Cancio, Nadal, Rivera & Diaz, San Juan, PR, Sheldon H. Nahmod, Chicago, IL, for Defendants.

### MEMORANDUM ORDER

FUSTE, District Judge.

Defendant Norma Burgos–Andújar ("Burgos") requests that this court reconsider its discovery-related order barring the production by the Federal Bureau of Investigation ("FBI") of documents related to a closed criminal investigation of attorney Etienne Totti-del Valle ("Totti"). Mr. Totti is the corporate attorney for El Día, Inc., Puerto Rican Cement Co., and other Empresas Ferré business concerns.

Originally, Totti appeared and opposed Burgos' pretensions to use FBI documents. The court granted Totti's request, declaring that the FBI file was irrelevant to the discovery process. Burgos requested reconsideration of the order and suggested that the court carry out an *in camera* inspection of the FBI file before finally deciding the merits of the discovery dispute. The court gave notice to the U.S. Attorney and ordered the FBI to submit the file for inspection by the court. The FBI immediately complied. After having carefully examined the material turned over by the government, the court reaffirms its original decision and declares that the now closed criminal investigation is irrelevant to the discovery process in this case.

### I.

During the month of October 1997, as the present controversy brewed, Totti, an

attorney with close ties to the statehood movement and the present governmental administration, decided that he would not get involved in the present controversy by dividing his loyalty between plaintiffs and defendants. Before the present complaint was filed, Totti received a request from a corporate officer of Puerto Rican Cement who wanted to arrange a meeting with Burgos to establish a *detente* that would prevent Puerto Rican Cement, a public corporation, from injury in the course of the present suit. Totti telephoned Burgos, reaffirming his delicate position, and clearly stated he would not intervene, except to suggest and assist in arranging a meeting between Puerto Rican Cement and Burgos to discuss the corporation's concerns.

Burgos then visited the FBI to ask for their intervention, claiming that Totti's request smacked of attempted bribery of a public official to influence the ruling over a pending proceeding before the Planning Board regarding a quarry project in Vega Alta, Puerto Rico. Since the Secretary of State lodged the complaint, the FBI indeed looked into the matter and, with Burgos' consent, recorded a number of telephone conversations between Burgos and Totti, originated by Burgos. Lacking any evidence of bribery, the FBI closed the investigation. Burgos now seeks to use the FBI 302 Reports of Investigation and the recorded conversations as discoverable evidence in this case.

## II.

Having read the reports of investigation and patiently listened to the tapes, this court finds that the FBI acted with diligence and caution during the investigation and that the decision to close the case was sound in all respects. There is no evidence of bribery, inasmuch as Totti's interest was only to arrange for a meeting as previously described. His role was that of mediator and his intervention was typical of what transpires on a day-to-day basis in government and business.

The court is quite troubled by this specific discovery controversy and avoids any conclusion that Burgos' insistence on FBI involvement was to punish Totti for his sympathy towards plaintiffs. That said, the Totti–Burgos conversations remain entirely within their personal knowledge, and no need exists for the utilization of an FBI criminal investigation file. Burgos was the only source of information for the FBI. Stretching the matter further and making the FBI file available to the party who instigated the investigation would provide a self-serving benefit to which the party is not legally or morally entitled. The apparent strategy of instigating a criminal investigation to obtain a secondary benefit is completely unacceptable in this court.

## III.

We need go no further. Our message is quite clear—the FBI investigative file is irrelevant to the controversy, inasmuch as it only contains information to which Totti and Burgos are privy. There is no justification on this record to move this court's discretion towards releasing an FBI criminal investigation file under these circumstances. The deposition of Totti may proceed and the FBI investigation will not be the object of questioning.

**IT IS SO ORDERED.**